IN THE

UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

-------------------------------------
No. 07-2173
CRIMINAL
-------------------------------------

UNITED STATES OF AMERICA,

Appellee,

v.

BRUCE WARREN BETCHER,

Appellant.

-------------------------------------

Appeal from the United States of District Court for the

District of Minnesota

-------------------------------------

APPELLANT'S BRIEF AND ADDENDUM

-------------------------------------

Thomas H. Shiah #100365
Kimberly K. Hall #285845
247 Third Avenue South
Minneapolis, MN 55415
(612) 338-0066

Attorneys for Appellant
Bruce W. Betcher

i

## SUMMARY AND REQUEST FOR ORAL ARGUMENT

This case presents significant issues concerning: 1) the district court's jurisdiction over the child pornography production counts; 2) the district court's admission of twenty-six photographs and one video that were not charged as counts in the indictment; 3) the district court's admission of testimony from the government's child abuse expert; and 4) the district court's sentence of life imprisonment.

Appellant respectfully requests 20 minutes of oral argument on these issues.

Appellate Case: 07-2173     Page: 2     Date Filed: 10/16/2007 Entry ID: 3362849

# TABLE OF CONTENTS

SUMMARY AND REQUEST FOR ORAL ARGUMENT .......................... i

TABLE OF CONTENTS ............................................ ii

TABLE OF AUTHORITIES ........................................ iii

JURISDICTIONAL STATEMENT ...................................... v

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ................. vi

STATEMENT OF THE CASE ........................................ 1

STATEMENT OF THE FACTS ....................................... 3

SUMMARY OF THE ARGUMENT ...................................... 6

ARGUMENTS:

I.   THE COMMERCE CLAUSE DOES NOT AUTHORIZE CONGRESS TO
     REGULATE MR. BETCHER'S ACTIONS. .......................... 7

II.  THE DISTRICT COURT ABUSED ITS DISCRETION UNDER FEDERAL
     RULE OF EVIDENCE 403 IN ADMITTING PHOTOGRAPHS AND
     VIDEO SHOWING CHILD PORNOGRAPHY WHERE THEIR PROBATIVE
     VALUE WAS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE
     AND THEY WERE CUMMULATIVE ............................... 18

III. THE DISTRICT COURT ABUSED ITS DISCRECION UNDER FEDERAL
     RULES OF EVIDENCE 401 AND 403 IN ADMITTING THE
     TESTIMONY OF THE GOVERNMENT'S CHILD ABUSE EXPERT ........ 23

IV.  THE DISTRICT COURT ABUSED ITS DISCRETION IN SENTENCING
     MR. BETCHER TO LIFE IN PRISON WHERE IT FAILED TO
     PROPERLY WEIGH THE FACTORS OUTLINED IN 18 U.S.C.
     §3553(a) ............................................... 25

CONCLUSION .................................................. 32

CERTIFICATE OF COMPLIANCE ................................... 33

ADDENDUM AND ITS INDEX

     JUDGMENT IN A CRIMINAL CASE ........................ A1-A6

Appellate Case: 07-2173    Page: 3    Date Filed: 10/16/2007 Entry ID: 3362849

# TABLE OF AUTHORITIES

CASES ..................................................... PAGE

Gonzales v. Raich, 545 U.S. 1 (2005) ...................... 17,18
Heart of Atlanta Motel, Inc. v. United States,
    379 U.S. 241 (1964) ...................................... 11
Hotel v. Virginia Surface Min. and Reclamation Assen, Inc.,
    452 U.S. 264 (1981) .................................... 11,13
Katzenbach v. McClung, 379 U.S. 294 (1964) ................... 11
N.L.R.B. v. Jones & Laughlin Steel Corp., 301 U.S. 1 (1937) . 8,13
Old Chief v. United States, 519 U.S. 172 (1997) .............. 19
Perez v. United States, 402 U.S. 146 (1971) .................. 11
United States v. Angle, 234 F.3d 326 (7th Cir. 2000).......... 12
United States v. Bausch, 140 F.3d 739 (8th Cir. 1998)...... 7,9,16
United States v. Corp, 236 F.3d 325(6th Cir. 2001)............ 12
United States v. Donnelly, 475 F.3d 946 (8th Cir. 2007) ........ 25
United States v. Gnavi, 474 F.3d 532 (8th Cir. 2007) .......... 25
United States v. Hadash, 408 F.3d 1080 (8th Cir. 2005) ......... 25
United State v. Hampton, 260 F.3d 832 (8th Cir. 2001).......... 16
United States v. Hawkman, 438 F.3d 879 (8th Cir. 2006) ......... 28
United State v. Hoggard, 254 F.3d 744 (8th Cir. 2001)......... 16
United States v. Holston, 343 F.3d 83 (2nd Cir. 2003).......... 12
United States v. Koenen, No. 06-2889, 2007 WL 2120187
    (8th Cir. 2007)(unpublished opinion).................... 9,16
United States v. Lincoln, 413 F.3d 716 (8th Cir. 2005) ........ 25
United States v. Lopez, 514 U.S. 549 (1995) .... 3,8,9,10,11,13,16
United States v. Mashek, 406 F.3d 1012 (8th Cir. 2005) ......... 26
United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004)....... 15
United States v. McCoy, 323 F.3d 1114 (9th Cir. 2003)....... 11,12
United States v. Merino-Balderrama,
    146 F.3d 758 (9th Cir. 1998............................. 19,21
United States v. Morrison, 529 U.S. 598 (2000) .... 3,8,9,10,11,16
United States v. Mugan, 394 F.3d 1016 (8th Cir. 2005)......... 10,16
United States v. Mugan, 441 F.3d 622 (8th Cir. 2006)............ 9
United States v. Phelps, 168 F.3d 1048 (8th Cir.1999) ....... 18,23
United States v. Rodia, 194 F.3d 465 (3rd Cir. 1999).......... 13
United States v. Sitting Bear, 436 F.3d 929 (8th Cir. 2006) .... 28
United States v. Watson, 480 F.3d 1175 (8th Cir. 2007) ......... 25
Wickard v. Filburn, 317 U.S. 111 (1942) ...................... 11


STATUTES:
18 U.S.C. §2251(a) ........................................ 1,3
18 U.S.C. §2251(b) ...................................... 1,3,9,12
18 U.S.C. §2251(e) ........................................ 1,3
18 U.S.C. §2252(a)(2) ....................................... 1
18 U.S.C. §2252(a)(4)(B) .................................... 1

iv

18 U.S.C. §2252(b)(1) ........................................... 1
18 U.S.C. §2252(b)(2) ........................................... 1
18 U.S.C. §3231 ................................................. v
18 U.S.C. §3553(a) ................................... 5,6,25,26,27
18 U.S.C. §3553(a)(1) ........................................... 27
18 U.S.C. §3553(a)(2)(A) ........................................ 27
18 U.S.C. §3553(a)(5)(A) ........................................ 27
18 U.S.C. §3742 ................................................. v
28 U.S.C. §1291 ................................................. v
Minn. Stat. §617.246(2006) ..................................... 18

**RULES:**

Rule 4(b) of the Federal Rules of Appellant Procedure .......... v
Rule 401 Federal Rules of Evidence ......................... 23,24
Rule 403 Federal Rules of Evidence ............... 18,19,20,23,24

**SENTENCING GUIDELINES:**

U.S.S.G. §2A1.1 ............................................ 28,29
U.S.S.G. §2A1.2 ............................................... 29
U.S.S.G. §2A2.1 ............................................... 29
U.S.S.G. §2A2.2 ............................................... 29
U.S.S.G. §2G2.1(b)(2)(A) ...................................... 31
U.S.S.G. §4B1.5(b)(1) ......................................... 30
U.S.S.G. §5K2.0 ........................................... 1,5,27
U.S.S.G. Appendix C ........................................... 30

Appellate Case: 07-2173   Page: 5   Date Filed: 10/16/2007 Entry ID: 3362849

## JURISDICTIONAL STATEMENT

The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, presided at Bruce Betcher's trial and sentencing. The government invoked the jurisdiction of the district court pursuant to 18 U.S.C. §3231.

The district court clerk entered judgment on the docket on May 10, 2007. Mr. Betcher filed a notice of appeal on May 14, 2007. This notice was timely within the meaning of the Federal Rule of Appellate Procedure 4(b). Mr. Betcher invokes the jurisdiction of the Court pursuant to 18 U.S.C. §3742 and 28 U.S.C. §1291.

Appellate Case: 07-2173    Page: 6    Date Filed: 10/16/2007 Entry ID: 3362849

## STATEMENT OF THE ISSUES
## PRESENTED FOR REVIEW

### I.

WHETHER THE COMMERCE CLAUSE DOES NOT AUTHORIZE CONGRESS TO REGULATE MR. BETCHER'S ACTIONS.

<u>United States v. Morrison</u>, 529 U.S. 598 (2000)
<u>United States v. Lopez</u>, 514 U.S. 549 (1995)

### II.

WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION UNDER FEDERAL RULE OF EVIDENCE 403 IN ADMITTING PHOTOGRAPHS AND VIDEO SHOWING CHILD PORNOGRAPHY WHERE THEIR PROBATIVE VALUE WAS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE AND THEY WERE CUMMULATIVE.

<u>Old Chief v. United States</u>, 519 U.S. 172 (1997)
<u>United States v. Merino-Balderrama</u>, 146 F.3d 758 (9th Cir. 1998)

### III.

WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION UNDER FEDERAL RULES OF EVIDENCE 401 AND 403 IN ADMITTING THE TESTIMONY OF THE GOVERNMENT'S CHILD ABUSE EXPERT.

<u>United States v. Phelps</u>, 168 F.3d 1048 (8th Cir. 1999)

### IV.

WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN SENTENCING MR. BETCHER TO LIFE IN PRISION WHERE IT FAILED TO PROPERLY WEIGH THE FACTORS OUTLINED IN 18 U.S.C. §3553(a).

<u>United States v. Donnelly</u>, 475 F.3d 946 (8th Cir. 2007)
<u>United States v. Watson</u>, 480 F.3d 1175 (8th Cir. 2007)
<u>United States v. Hadash</u>, 408 F.3d 1080 (8th Cir. 2005)

Appellate Case: 07-2173    Page: 7    Date Filed: 10/16/2007 Entry ID: 3362849

## STATEMENT OF THE CASE

Bruce Betcher was charged, by way of a Third Superseding Indictment filed on May 2, 2006, in Counts 1-24 with manufacturing child pornography in violation of 18 U.S.C. §2251(a), (b), and (e), in Count 25 with receipt of child pornography in violation of 18 U.S.C. §2252(a)(2), and (b)(1), and in Count 26 with possession of child pornography in violation of 18 U.S.C. §2252(a)(4)(B) and (b)(2).

Mr. Betcher filed a motion to dismiss the indictment's manufacturing counts as unconstitutional because those counts and the jurisdictional claim fell short of the interstate nexus required by case law. The district court denied the motion to dismiss the manufacturing counts.

At trial, Mr. Betcher made several motions to exclude photographs, videos, and expert testimony from evidence on the grounds that those pieces of evidence were not relevant, were unfairly prejudicial and cumulative. This district court denied those evidentiary motions.

Finally, at sentencing, Mr. Betcher argued that the guideline calculation was patently unreasonable and that the court should consider a departure pursuant to U.S.S.G. §5K2.0 based on the unlikely probability that he would re-offend and impose a reasonable sentence of something less than life. The district court ultimately imposed a sentence of life imprisonment.

This appeal followed.

Appellate Case: 07-2173    Page: 8    Date Filed: 10/16/2007 Entry ID: 3362849

## STATEMENT OF THE FACTS

In Counts 1-24 of the Third Superseding Indictment Bruce Betcher was accused of manufacturing child pornography, in violation of 18 U.S.C. §§2251(a), (b) and (e). Those statutes criminalize the manufacture of child pornography "if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce, by any means. . . ." 18 U.S.C. §2251(b). The superseding indictment based federal jurisdiction on the allegation that: "[T]he visual depictions were produced using materials, including but not limited to an Olympus digital camera, that have been mailed, shipped and transported in interstate or foreign commerce. . . ." See Third Superseding Indictment, Counts 1-24, filed May 2, 2006.

Prior to trial, counsel challenged the constitutionality of the indictment's manufacturing charges with a motion to dismiss, based among other things on the Supreme Court's Commerce Clause precedent in United States v. Lopez, 514 U.S. 549 (1995), United States v. Morrison, 529 U.S. 598 (2000), and the decisions of several Circuits. (February 9, 2006 Memorandum in Support of Motion to Dismiss.) In Mr. Betcher's view, these decisions hold that the simple fact that the camera used in the manufacture of child pornography had crossed state or international lines at some point in its existence was an insufficient impact on

9

interstate commerce for the prosecution to be constitutional.

The Report and Recommendation on Mr. Betcher's pre-trial motions, which counseled that the motion to dismiss the manufacturing counts be denied, was entered on April 3, 2006. The district court's Order adopting the recommend-ations followed on May 4, 2006.

Mr. Betcher's case proceeded to trial. During trial, the court admitted various evidence over Mr. Betcher's objection. First, the government introduced 78 photographs of the juveniles of which only 52 photographs were actually part of the indictment. The government also introduced a video of Mr. Betcher's granddaughter. Finally, the government introduced testimony from Dr. Carolyn Levitt a purported expert on child abuse. Defense counsel objected to the admission of the additional photographs, the video, and the doctor's testimony on the grounds that they were not relevant, unfairly prejudicial, and cumulative. The district court overruled defense counsel's objections. (Trial Transcript at 250-252, 406, 564; hereinafter TT at ___). Ultimately, the jury convicted Mr. Betcher of all counts.

All sentencing-related issues were resolved at the sentencing hearing. Mr. Betcher challenged the sentencing guideline calculations and requested a downward departure pursuant to U.S.S.G. §5K2.0 based on Dr. Mary Kenning's

10

testimony that he was a low risk for re-offending. Despite Mr. Betcher's argument that the factors of 18 U.S.C. §3553(a) warranted a sentence of 30 years or less, the Court sentenced Mr. Betcher to life imprisonment.

Appellate Case: 07-2173   Page: 11   Date Filed: 10/16/2007 Entry ID: 3362849

## SUMMARY OF THE ARGUMENT

The instant appeal challenges four major errors: 1) the district court's refusal to dismiss Counts 1-24 for lack of federal jurisdiction; 2) the district court's admission of twenty-six photographs of child pornography and one video that were not charged in the indictment; 3) the district court's admission of testimony from the government's child abuse expert that was not relevant and was prejudicial; and 4) the district court's refusal to properly weigh the factors listed in 18 U.S.C. §3553(a) and impose a "reasonable" sentence rather than life imprisonment.

Appellate Case: 07-2173    Page: 12    Date Filed: 10/16/2007 Entry ID: 3362849

## I. THE COMMERCE CLAUSE DOES NOT AUTHORIZE CONGRESS TO REGULATE MR. BETCHER'S ACTIONS.

This case raises the question of whether prosecutions for manufacturing child pornography are allowable under the Commerce Clause when the only interstate event is that materials used, in this case a camera, crossed state lines at some point in their existence, and whether the federal statute underlying Mr. Betcher's manufacturing conviction is unconstitutional as applied.

### A. Standard of Review

In examining this issue, this Court will review the case *de novo,* assessing the legal questions anew and independently, without regard to the conclusions below. United States v. Bausch, 140 F.3d 739, 741 (8th Cir. 1998).

### B. Analysis

Criminal jurisdiction over the manufacture of child pornography is premised on Congress's power to regulate interstate commerce under Article I, Section 8 of the U.S. Constitution. No other basis for jurisdiction has ever been suggested. The Supreme Court has identified three categories of activities that Congress may regulate under its commerce power: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce themselves, and; (3) activities having

13

a substantial relation to interstate commerce. <u>United States v. Lopez</u>, 514 U.S. 549, 558-59 (1995). The Court has recognized, however, that the Constitution does not give Congress unrestricted power to regulate things commercial in nature: "[t]he scope of this power must be considered in the light of our dual system of government and may not be extended so as to embrace effects upon interstate commerce so indirect and remote that to embrace them, in view of our complex society, would effectually obliterate the distinction between what is national and what is local." <u>N.L.R.B. v. Jones & Laughlin Steel Corp.</u>, 301 U.S. 1, 37 (1937).

In <u>United States v. Morrison</u>, the Court further developed the analysis set forth in <u>Lopez</u>. <u>United States v. Morrison</u>, 529 U.S. 598 (2000). The Court established the controlling test for this body of law, enumerating four questions to be answered in order to determine whether an activity substantially affects interstate commerce: (1) whether the "activity in question [is] some sort of economic endeavor;" (2) whether the statute contains an "express jurisdictional element [that] might limit [the statute's reach] to activities that have an explicit connection with or effect on interstate commerce;" (3) whether the statute or its legislative history contains

14

"express congressional findings regarding the effects [of the regulated activity] upon interstate commerce;" and, (4) whether the "link between [the regulated activity] and a substantial effect on interstate commerce was attenuated." Id. at 610-13.

We recognize that this Court has ruled on Commerce Clause challenges under settings similar to those presented in this case. See, e.g., United States v. Mugan, 441 F.3d 622 (8th Cir. 2006); United States v. Bausch, 140 F.3d 739 (8th Cir. 1998); United States v. Koenen, No. 06-2889, 2007 WL 2120187, (8th Cir. 2007) (unpublished opinion). These decisions do not control the result here for several reasons. They are inconsistent with Supreme Court precedent, which therefore controls. It is under this body of Supreme Court precedent that we analyze Mr. Betcher's case. This analysis reveals that the standards set forth in Lopez and Morrison have simply not been met, both as they relate to the statute itself and to its application in Mr. Betcher's case.

1. Federal Jurisdiction Premised On The "Materials Transported In" Clause Is Unconstitutional On Its Face.

Mr. Betcher was charged with and found guilty to a violation of 18 U.S.C. §2251(b), which provides:

Any parent who knowingly permits such minor to engage

15

in sexually explicit conduct for the purpose of producing any visual depiction of such conduct shall be punished as provided under subsection (e) of this section, if such parent knows or has reason to know that such *visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means.* (emphasis added). Under the tests articulated by the Court in <u>Lopez</u> and <u>Morrison</u>, this provision, in particular its "materials transported in" clause, fails on its face to confer federal jurisdiction. The mere use of materials does not substantially affect commerce, the actual market for child pornography, foreign, interstate or otherwise.

a. <u>Is The Regulated Activity An Economic Endeavor</u>?

The production of child pornography is not, at its core, an economic endeavor. The question is not whether the regulated activity might be an economic endeavor, but whether it actually is. <u>See Lopez</u>, 514 U.S. at 560 ("where economic activity substantially affects interstate commerce"); <u>Morrison</u>, 529 U.S. at 611 ("the activity in question has been some sort of economic activity"); <u>United States v. Mugan</u>, 394 F.3d 1016, 1021 (8th Cir. 2005) ("whether the activity is economic in nature"). Accordingly, in order to analyze the regulated activity correctly, it is helpful to look at to the basic nature of the activity.

"Commerce Clause case law demonstrates that in those cases where [the Court has] sustained federal regulation of intrastate activity based upon the activity's substantial

16

effects on interstate commerce, the activity in question has been some sort of economic endeavor." <u>Morrison</u>, 529 U.S. at 611 (referring to <u>Lopez</u>, 514 U.S. at 559-60). The Court has sustained statutes regulating coal mining, extortionate credit, hotels, restaurants and the production of wheat, all based on Congress's power to regulate activities that substantially affect interstate commerce. <u>Hotel v. Virginia Surface Min. and Reclamation Assen, Inc.</u>, 452 U.S. 264 (1981); <u>Perez v. United States</u>, 402 U.S. 146 (1971); <u>Katzenbach v. McClung</u>, 379 U.S. 294 (1964); <u>Heart of Atlanta Motel, Inc. v. United States</u>, 379 U.S. 241 (1964); <u>Wickard v. Filburn</u>, 317 U.S. 111 (1942).

These activities all have one thing in common: they are all commercial in nature. While child pornography might be produced for commercial purposes, it is certainly not categorically economic, in contrast to the running of a hotel or the mining of coal. This fact is mirrored in this case: Mr. Betcher stood accused of manufacturing, receiving, and possessing child pornography, but not distributing images of child pornography. (Third Superseding Indictment, Counts 1-26). See <u>United States v. McCoy</u>, 323 F.3d 1114, 1122-23 (9th Cir. 2003)(finding that the simple possession of an item of "home-grown" child pornography, not intended for distribution or exchange, was

17

"not, in any sense of the phrase, economic activity"); United States v. Corp, 236 F.3d 325, 332 (6th Cir. 2001)(finding that where appellant was not involved, nor intended to be involved, in the distribution or sharing with others of the pictures in question, appellant's activity was not substantially related to interstate commerce).

   **b.  Does the Statute Contain An Express Jurisdictional Element That Limits Its Reach To Activities Having An Explicit Connection With Or Effect On Interstate Commerce?**

Although 18 U.S.C. §2251(b) does contain a jurisdictional element, this element falls short of limiting the statute's reach to activities that have an explicit connection to or effect on interstate commerce. The "materials transported in" clause does nothing to actually restrain the grasp of the statute. As other circuits have noted, this "limitation" on federal jurisdiction applies in all but the remotest possibilities. See United States v. Holston, 343 F.3d 83, 89 (2nd Cir. 2003); United States v. McCoy, 323 F.3d 1114, 1125-26 (9th Cir. 2003); United States v. Corp, 236 F.3d 325, 331 (6th Cir. 2001); United States v. Angle, 234 F.3d 326, 337 (7th Cir. 2000).  In order to imagine a case in which this clause would not apply one must conjure up an image of some

18

sort of self-sufficient defendant who, in producing child pornography, fashioned all of his materials out of local products. See United States v. Rodia, 194 F.3d 465, 473 (3rd Cir. 1999). This is practically impossible in today's world. Nevertheless, federalism remains an essential element of our form of government; it requires tangible limitations on Congress's ability to regulate commerce lest we "obliterate the distinction between what is national and what is local." N.L.R.B. v. Jones & Laughlin Steel Corp., 301 U.S. at 37.

### c. Are There Express Congressional Findings Regarding The Effects Of The Regulated Activity Upon Interstate Commerce?

At the time of Mr. Betcher's offense, Congress had not made any express findings regarding the effects of the production of child pornography upon interstate commerce. It has since found, perhaps in response to the chasm between the circuits, that the intrastate production of child pornography substantially affects interstate commerce. Pub.L. 109-248, Title V, §501, 120 Stat. 623 (July 27, 2006). But "simply because Congress may conclude that a particular activity substantially affects interstate commerce does not necessarily make it so." Lopez, 514 U.S. at 557 (quoting Hotel, 452 U.S. at 311).

Examining the recent congressional findings with a

19

critical eye, as the judiciary should, one must be skeptical. Any effect on interstate commerce suggested from nothing more than the use of materials that have been transported in interstate commerce is ridiculous. As shown above, the actual regulated activity is not commercial in nature and the materials used for the production of child pornography: cameras, film, computers, are common and in today's interconnected world necessarily travel in interstate commerce, so that limiting federal jurisdiction to cases in which those materials are used does nothing at all to limit federal jurisdiction, in contravention of the basic principles of federalism.

   d.   <u>Is The Link Between The Regulated Activity And A Substantial Effect On Interstate Commerce Attenuated</u>?

     The link between the production of child pornography and the required substantial effect on interstate commerce, especially under the "materials transported in" clause, is simply too distant to sustain the legislation. As discussed above, the intrastate production of child pornography is not commercial in nature. There is nothing but the jurisdictional hook, which bases federal jurisdiction on the materials of production and not the actual finished product that ties the regulated activity to interstate commerce. This jurisdictional hook creates an attenuated

Appellate Case: 07-2173    Page: 20    Date Filed: 10/16/2007 Entry ID: 3362849

link, at best, to interstate commerce, specifically to the interstate market for child pornography. Materials: cameras, film, computers and storage media are all innocuous items, practically staple goods in today's world. See United States v. Maxwell, 386 F.3d 1042, 1058 (11th Cir. 2004). The regulation in this case exceeds these bounds and stretches the Commerce Clause beyond the limits that the Supreme Court articulated.

### 2. Federal Jurisdiction Premised On The "Materials Transported In" Clause Is Unconstitutional As Applied To Mr. Betcher.

The case law discussed above also establishes that the "materials transported in" clause is unconstitutional as applied to Mr. Betcher. Mr. Betcher was charged with producing some images; he was not charged with distributing that which he produced. It was neither alleged nor suggested that Mr. Betcher distributed the images he produced. As such, Mr. Betcher's actions did not affect interstate commerce.

First, the production of child pornography is not an economic endeavor, especially when, as in Mr. Betcher's case, the charges and record contains no indication that the manufactured images were disseminated across state lines, and there is no evidence of intent to so disseminate. There is no suggestion that Mr. Betcher

21

received any economic benefit from his actions. His actions were simply not commercial. Second, the statute's jurisdictional element fails to limit the application of the statute in any meaningful way, particularly when the materials used in the production of the child pornography are as ubiquitous as digital cameras. Third, the legislative history lacked and still lacks in findings that withstand a reasoned review. Finally, the link, a camera that moved through interstate commerce, between child pornography and the interstate market is simply too attenuated.

As mentioned above, this Court has considered Commerce Clause challenges to federal pornography statutes. In its first look, United States v. Bausch, 140 F.3d 739 (8th Cir. 1998); United State v. Hoggard, 254 F.3d 744, 746 (8th Cir. 2001); United State v. Hampton, 260 F.3d 832 (8th Cir. 2001); United States v. Mugan, 394 F.3d 1016, 1022 (8th Cir. 2005); United States v. Koenen, No. 06-2889, 2007 WL 2120187, (8th Cir. 2007)(unpublished opinion). Despite this Eighth Circuit precedent, Mr. Betcher asks that this Court reanalyze his case in light of Lopez and Morrison, as it is these Supreme Court cases that control.

22

3. **The Supreme Court's Decision In Gonzales v. Raich Does Not Control.**

Last year, the Supreme Court, in <u>Gonzales v. Raich</u>, held that the application of the Controlled Substances Act (CSA) provisions criminalizing the manufacture, distribution or possession of marijuana to medical marijuana did not violate the Commerce Clause. <u>Gonzales v. Raich</u>, 545 U.S. 1, 6 (2005). The Court found that the classification of marijuana, "unlike the discrete prohibition established by the Gun-Free School Zones Act of 1990, was merely one of many 'essential part[s] of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated.'" <u>Id.</u> at 22. It further explained, "when [Congress] enacted comprehensive legislation to regulate the interstate market in a fungible commodity, [it] was acting well within its authority to 'make all Laws which shall be necessary and proper' to 'regulate Commerce ... among the several States.'" <u>Id.</u> at 19 (quoting U.S. Const., Art. I, § 8).

The reasoning in <u>Raich</u> does not apply to the statute at issue here because there is no conflict between federal and state law. The production of child pornography is criminal at both the state and federal levels. Minnesota

23

has not decriminalized the production of child pornography; Minnesota is perfectly willing to exercise its prosecutorial power, in contrast to California in <u>Raich</u>. Minn. Stat. §617.246 (2006). The record below clearly reflects Minnesota's ability and willingness to prosecute Mr. Betcher. Accordingly, the federal regulation of child pornography is not sacrificed in this case and, unlike the situation addressed in <u>Raich</u>, there exists no loophole that might allow one who produces child pornography to go free. The regulation of child pornography produced wholly within a state is not an essential part of a larger regulatory scheme. The regulatory scheme is not undercut because the intrastate activity is regulated, just not by Congress. Thus, in contrast to the situation addressed in <u>Raich</u>, the regulation is unnecessary to restrict conduct otherwise lawful at the state level.

II. <u>THE DISTRICT COURT ABUSED ITS DISCRETION UNDER FEDERAL RULE OF EVIDENCE 403 IN ADMITTING PHOTOGRAPHS AND VIDEO SHOWING CHILD PORNOGRAPHY WHERE THEIR PROBATIVE VALUE WAS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE AND THEY WERE CUMMULATIVE</u>.

A. <u>Standard of Review</u>

Evidentiary rulings of the district court are reviewed under an abuse of discretion standard. <u>United States v. Phelps</u>, 168 F.3d 1048, 1054 (8th Cir. 1999).

24

B.  <u>Analysis</u>

Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  The Supreme Court has espoused a balancing test to be used in applying Rule 403. This test demands not only a comparison of the probative value and prejudicial effect of the disputed evidence, but of the relative probative value and prejudicial effect of any evidentiary alternatives as well. If an evidentiary alternative has equal or greater probative value and poses a lower risk of unfair prejudice, the trial court should "discount" the probative value of the disputed evidence and exclude it if the risk of unfair prejudice substantially outweighs its discounted probative value.  <u>Old Chief v. United States</u>, 519 U.S. 172, 182-83 (1997).

At least one circuit has used this balancing test to exclude images of child pornography from evidence. <u>See United States v. Merino-Balderrama</u>, 146 F.3d 758 (9th Cir. 1998).  In <u>Merino-Balderrama</u>, the trial court had admitted films depicting child pornography for the purpose of proving the films' content and defendant's knowledge thereof. The Ninth Circuit reversed. It held that the defendant's offer to stipulate to the films' content precluded the necessity of further proof on that element. Based on a finding that

25

the defendant had never seen the films, the court also found little probative value as to the knowledge element. Coupled with a finding of a high risk of prejudice, as well as the availability of the films' covers, which also depicted child pornography and which the defendant had admitted to seeing, the court held that the trial judge had violated Rule 403 by admitting the films.

In this case, the government offered certain photographs and a video ostensibly for the purpose of proving the production counts charged in Counts 1-24 of the indictment. In total, the government offered seventy-eight (78) photographs and one video. (TT at 242, 406). Of the seventy-eight photographs, only fifty-two (52) of those images were charged as production counts in the indictment. (Third Superseding Indictment pp. 3-8.) The remaining twenty-six (26) images were not charged as counts in the indictment. The video was similarly not charged as a production count in the indictment. Defense counsel objected to the admission of the twenty-six images and the video that were not part of the indictment on the grounds that they were prejudicial and cumulative. (TT at 205-52, 406). The district court overruled defense counsel's objections and allowed the government to offer the non-charged images as further evidence of production. (Id.)

The probative value of the non-charged twenty-six photographs and the video was low. The Government offered at least one photograph for each of the twenty-six counts of

26

production, and for fifteen (15) of the counts multiple photographs. (Third Superseding Indictment pp. 3-8.) The Government also offered testimony from each of the five juveniles stating that Mr. Betcher took photographs of them. (TT at 472-76; 505; 516-17; 530-32; 544-48). As in Merino-Balderrama, the additional twenty-six images and the video were not necessary to further prove any elements of the production counts.

The prejudicial effect of the non-charged twenty-six images and video was high. The graphic nature of the additional photographs and video alone was prejudicial. The photographs depicted the juveniles at various stages of undress posing for the camera. The video showed Mr. Betcher's granddaughter in her underwear pushing Mr. Betcher's hand away from her vaginal area, which the government highlighted in its final argument. (TT at 643). It would be difficult for any person to view such images without prejudicing Mr. Betcher.

Finally, evidentiary alternatives were not needed in this case. As noted above, the government offered at least one photograph for each production count to which defense counsel did not object. The government did not need to offer the additional twenty-six images or the video to prove any element of the crimes charged in counts 1-24. The additional images were merely cumulative.

This error was further compounded by the government's introduction of the actual pictures and videotapes that

27

formed a basis for possession and receipt of child pornography set forth in Counts 25-26. Specifically, the government introduced 12 pictures (Gov't Exh. 135-146) and 16 child porn movies (Gov't Exh. 147-162). In addition, over objection, the prosecution played a four minute segment of a selected video graphically depicting an older male having explicit sex with a very young child. This was despite Mr. Betcher's stipulation that the individuals in the films were minors and were real people. (TT at 498).

Appellate Case: 07-2173    Page: 28    Date Filed: 10/16/2007 Entry ID: 3362849

III. **THE DISTRICT COURT ABUSED ITS DISCRETION UNDER FEDERAL RULES OF EVIDENCE 401 and 403 IN ADMITTING THE TESTIMONY OF THE GOVRNMENT'S CHILD ABUSE EXPERT.**

A. **Standard of Review**

Evidentiary rulings of the district court are reviewed under an abuse of discretion standard. <u>United States v. Phelps</u>, 168 F.3d 1048, 1054 (8th Cir. 1999).

B. **Analysis**

Federal Rule of Evidence 401 provides: "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In this case, the government offered testimony from Dr. Carolyn Levitt. Dr. Levitt was presented as an expert on child abuse. Defense counsel objected to her testimony on the grounds that it was not relevant and prejudicial. The district court overruled defense counsel's objection in the belief that her testimony would assist the jury in understanding and ordering the evidence. (TT at 564).

Dr. Levitt generally testified on three topics: (1) age appropriate sexual behavior, (2) delayed disclosure, and (3) sexual abuse. None of those topics produced any facts of consequence and the last topic was extremely prejudicial.

First, although Dr. Levitt stated that given the juveniles sexual positions in the photographs it was possible that they were following directions from someone, she admitted with today's technology even young children who

29

exhibit sexual behavior are not necessarily following an adults direction. (TT at 579-80, 588-89). Second, Dr. Levitt's testimony regarding delayed disclosure simply indicated that it's not unusual for children to disclose abuse piecemeal. (TT at 576). Finally, Dr. Levitt stated that the production of child pornography is a form of child abuse. (TT at 570). In addition to not being relevant, that statement was highly prejudicial given that Mr. Betcher was not charged with any crime related to child abuse. None of those topics established any facts which made it more probable that Mr. Betcher produced, possessed, or received child pornography.

For these reasons, the testimony of Dr. Levitt should have been excluded under Rules 401 and 403. The district court abused its discretion in admitting it.

Appellate Case: 07-2173    Page: 30    Date Filed: 10/16/2007 Entry ID: 3362849

**IV. THE DISTRICT COURT ABUSED ITS DISCRETION IN SENTENCING MR. BETCHER TO LIFE IN PRISON WHERE IT FAILED TO PROPERLY WEIGH THE FACTORS OUTLINED IN 18 U.S.C. §3553(a).**

**A. Standard of Review**

In examining this issue, this Court will review the reasonableness of the sentence imposed for an abuse of discretion. United States v. Gnavi, 474 F.3d 532, 537 (8th Cir. 2007).

**B. Analysis**

In arriving at a sentence, the district court must consider the factors outlined in 18 U.S.C. §3553(a). United States v. Donnelly, 475 F.3d 946, 955 (8th Cir. 2007). A sentence within the applicable guideline range is presumptively reasonable, however, a defendant may rebut that presumption of reasonableness. United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir. 2005). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007)(citation omitted); United States v. Hadash, 408 F.3d 1080, 1083 (8th Cir. 2005), citing United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). (internal quotations omitted.)

31

Title 18, United States Code, Section 3553(a) states that the district court shall consider the following factors when determining the appropriate sentence:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) the kinds of sentences available;

4) the kinds of sentences and the sentencing range established for-

(A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines...

5) any pertinent policy statement -

(A) issued by the Sentencing Commission...

6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

7) the need to provide restitution to any victims of the offense.

In this case, the district court weighed the factors unreasonably and committed a clear error of judgment by imposing a life sentence.

Appellate Case: 07-2173   Page: 32   Date Filed: 10/16/2007 Entry ID: 3362849

Among the pertinent §3553(a) factors engaged by this case are: (1) the history and characteristics of the defendant (§3553(a)(1)); (2) the seriousness of the offense (§3553(a)(2)(A)); (3) the pertinent policy statements issued by the sentencing commission (§3553(a)(5)(A)). The district court's pronouncement of life imprisonment is a clear abuse of discretion. The application of these pertinent factors is addressed below.

1.    <u>History and Characteristics of Mr. Betcher</u>

The district court did not give appropriate weight to the unlikely probability that Mr. Betcher will commit future crimes and failed to grant a departure pursuant to U.S.S.G. §5K2.0. (Sent. Tr. at 80.) This conclusion is supported by substantial evidence in the record. Dr. Mary Kenning testified that testing of Mr. Betcher showed him to be free of psychopathy, exhibiting less selfishness, callousness, remorselessness and deviance than many male offenders in prison, which suggests that he is a lower risk of reoffending. (Sentencing Transcript at 34, 63; hereinafter ST at ___). In addition, her conclusion was bolstered by the risk assessment applied to Mr. Betcher, which placed him at the lower end of the risk scale. (ST at 14, 36-39).

2.    <u>Seriousness of Mr. Betcher's Offense</u>

The district court also did not give appropriate weight to the seriousness of Mr. Betcher's offense. Nothing in this record supports the extraordinarily harsh sentence imposed by the district court. Recent cases involving actual

33

physical harm to children have not warranted anything close to life sentences. See <u>United States v. Sitting Bear</u>, 436 F.3d 929 (8th Cir. 2006)(40-month upward variance appropriate in case of aggravated child abuse resulting in death); <u>United States v. Hawkman</u>, 438 F.3d 879 (8th Cir. 2006)(upward departure of 57-months appropriate where defendant paralyzed a three-year-old child while shooting towards a group of people).

Even the Guidelines claim a view that the intentional killing of another is considered to be the most serious criminal offense. See U.S.S.G. §2A1.1 and Application Note 1. Notwithstanding this widely-held view, the Guidelines assign offense levels for the first and second degree murder that are significantly lower than the offense levels calculated in this case. See U.S.S.G. §2A1.1-2A1.2. The offense levels and suggested guideline ranges for the most serious of assaults also lie far below the ranges triggered in this case. See U.S.S.G. §2A2.1-2A2.2.

Mr. Betcher's behavior, although reprehensible, did not rise to the level of physical harm to the children. Aside from one photograph where Mr. Betcher apparently had his hand on J.K.'s shoulder (TT at 536), there was no other testimony indicating that Mr. Betcher ever touched any of the girls when the photographs were taken. Mr. Betcher's life-sentence for the production, possession, and receipt of child pornography is a longer term than he would have received if convicted of first or second degree murder.

34

While recognizing the need to protect children, these disparities are not reasonable.

　　3.　Pertinent Policy Statements

The district court did not give appropriate weight to the Sentencing Guidelines policy statements. The Sentencing Commission failed to follow its usual practice for addressing mandatory minimums, when it drafted guidelines to take into consideration the April 2003 adoption of a 15-year mandatory minimum for the offense of manufacturing child pornography. When Congress has enacted mandatory minimums, the Sentencing Commission consistently has responded by fashioning guidelines where a first offender, committing the offense in the most common manner, would face a guideline range that begins at the mandatory minimum level. See, e.g., U.S.S.G. Manual, Appendix C, Amendments 67, 125, 509, 515, 603, 624, 640 and 651. The Commission's response to the PROTECT Act appears at Amendment 664. The Commission's stated view that the elevated base offense level, when combined with "the application of specific offense characteristics that are expected to apply in almost all production cases," would result in a guideline calculation in harmony with the mandatory minimum. In reality, the sentencing guidelines

35

fall significantly short of this objective. The circumstances of defendant's case show this to be true.

The guidelines call for a five-level increase because Mr. Betcher's conduct amounted to repeated conduct. See U.S.S.G. §4B1.5(b)(1). This enhancement is by its terms triggered anytime that two or more separate instances are present. Contrary to the Sentencing Commission's stated view, the situation in which two or more instances are present is by far the norm when child pornography is being produced. This five-level enhancement encompasses circumstances present in almost all production cases.

Similarly, the guidelines call for an additional four-level enhancement because the offense involved minors who had not attained the age of 12 years. See U.S.S.G. §2G2.1(b)(2)(A). This specific offense characteristic is very common because young children are easily manipulated. This is a set of circumstances that, like the pattern or practice enhancement, will be present in virtually every case involving the production of child pornography.

In addition, Mr. Betcher was assessed two additional levels because the images involved depict sexual contact. See U.S.S.G. §2G2.1(b)(2)(A). Pornography, including child pornography, by its very nature, commonly includes a focus on sexual contact. This enhancement, like the others

36

discussed here, stands as a response to by far the most common set of circumstances in cases involving the production of child pornography.

The aggregate affect of all of these enhancements is a guideline recommendation radically above the statutory minimum, for an individual who stood before the district court a first offender, whose criminal conduct contains many aspects common to this offense. Each of the specific offense characteristics discussed above is duplicative of the common fact pattern for such cases. In allowing these aspects of the common fact pattern to elevate the guideline range far above the statutory minimum, the Commission has failed to follow its standard practice, under which a first offender, convicted of an offense involving common aspects of offense conduct, would face a sentence at or near the mandatory minimum.

We recognize that other aspects of Mr. Betcher's offense conduct are less common. Removing only the common factors, which duplicate the standard circumstances present in manufacturing cases, will result in an offense level of 39. This calculation results in a guideline range of 262 – 327 months. The guidelines called for a sentence significantly above this, namely life.

37

The district court's devaluation of Mr. Betcher's history, the seriousness of Mr. Betcher's offense, and sentencing guidelines policy statements was a clear error of judgment. The district court should have pronounced a sentence that would have allowed Mr. Betcher a meaningful chance of life outside of prison.

<u>CONCLUSION</u>

For the foregoing reasons, we respectfully request that Mr. Betcher's conviction be reversed and the case be remanded for a new trial.

Appellate Case: 07-2173    Page: 38    Date Filed: 10/16/2007 Entry ID: 3362849

## CERTIFICATE OF COMPLIANCE

The undersigned attorney for Appellant certifies this brief complies with the type – volume of limitations of Federal Rules of Appellate Procedure 32. The brief has 790 lines of monospaced typed. The brief was prepared using Microsoft Word. The undersigned attorney certifies that the computer diskette containing the full text of the Brief of Appellate has been scanned for viruses and is believed to be virus free.

Dated:      October 17, 2007      Respectfully submitted,

LAW OFFICES OF
THOMAS H. SHIAH, LTD.


By _____
        Thomas H. Shiah #100365
        Kimberly K. Hall #285845
        247 Third Avenue South
        Minneapolis, MN 55415
        (612) 338-0066

        Attorney for Appellant
        Bruce W. Betcher

Appellate Case: 07-2173   Page: 39   Date Filed: 10/16/2007 Entry ID: 3362849

IN THE

UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

-------------------------------------------

No. 07-2173

CRIMINAL

-------------------------------------------

UNITED STATES OF AMERICA,

Appellee,

v.

BRUCE WARREN BETCHER,

Appellant.

-------------------------------------------

Appeal from the United States District Court for the

District of Minnesota

-------------------------------------------

ADDENDUM OF APPELLANT'S BRIEF

-------------------------------------------

> Thomas H. Shiah #100365
> Kimberly K. Hall #285845
> 247 Third Avenue South
> Minneapolis, MN 55415
> (612) 338-0066
>
> Attorneys for Appellant
> Bruce W. Betcher

Appellate Case: 07-2173    Page: 40    Date Filed: 10/16/2007 Entry ID: 3362849

## INDEX TO ADDENDUM

**Judgment in a Criminal Case ...........................A1-A6**

Appellate Case: 07-2173   Page: 41   Date Filed: 10/16/2007 Entry ID: 3362849